UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60111-CR-MARRA

UNITED STATES OF AMERICA,

v.

JOHN VINCENT KELLY,

       Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT

This matter is before the Court on Defendant John Vincent Kelly's Motion to Dismiss Indictment (DE 10).  Upon considering the motion and the government's response, and otherwise being duly advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

On May 11, 2007, an indictment was returned against Defendant alleging, in pertinent part, that on November 7, 2006, Defendant "having previously been convicted of a crime punishable by imprisonment for a term exceeding one year" knowingly possessed a firearm and ammunition in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1). (DE1). Defendant has moved to dismiss the indictment arguing, based upon evidence outside the four corners of the indictment, that he is not a convicted felon.  Defendant has presented records from a state court criminal proceeding brought against him which he contends demonstrate that he never acknowledged his guilt.  Defendant's Motion at 2.  As a result, Defendant contends that "there appears to be insufficient evidence to prove the defendant either pled or was adjudicated guilty.  Therefore, it is questionable as to whether the government can sustain [its] burden" of

proving that Defendant is a convicted felon. *Id.* at 5. Defendant also contends that the trial judge in the state court proceeding did not follow the procedures outlined in Fla. R. Crim. P. 3.172(e) which renders his guilty plea subject to being vacated. Because of these asserted deficiencies, Defendant contends he is not a convicted felon and the indictment against him should be dismissed.

First, it is reversible error for a district court to dismiss an indictment which, on its face, properly asserts a crime has been committed by the defendant. *United States v. Salman,* 378 F.3d 1266 (11th Cir. 2004). In *Salman,* the court reversed the dismissal of an indictment which the district court based on "certain undisputed facts." *Id.* at 1267. The court stated that the district court erred "[b]y looking beyond the face of the indictment" and "in effect granted summary judgment in favor of the defendant." *Id.* The court reaffirmed its opinion in the case of *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992), where it was stated:

> There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. . . . The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.

*Id.* at 1268. The court noted that the government is entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to Fed. R. Crim. P. 29. *Id.* The court further stated that "it is not for the courts to filter which criminal cases may reach the trial stage by reviewing proffered evidence in advance." *Id.* at 1269.

It is clear that Defendant is basing his motion to dismiss on matters beyond the face of the indictment and is, in effect, asking for a pre-trial summary judgment in his favor. In fact,

Defendant specifically argues in his motion that it is questionable whether the government can sustain its burden. Defendant is asking the Court to make a pre-trial determination of whether, in view of the proffered evidence, the government can prevail on the merits. This is precisely what the *Salman* and *Critzer* courts forbid. For this reason alone, Defendant's motion must be denied.

To the extent Defendant's motion argues that a person who pleads guilty but has adjudication withheld is not a convicted felon under the federal firearms statues, his position is rejected. Binding precedent in the Eleventh Circuit holds otherwise. In *United States v. Orellanes,* 809 F.2d 1526 (11th Cir. 1987), the court held that a person who pleads guilty in a Florida state court to a felony offense is "convicted" within the meaning of the federal firearm statutes, notwithstanding the fact that the state court withholds adjudication. This holding was reaffirmed in *United States v. Grinkiewicz,* 873 F.2d 253 (11th Cir. 1989), where the court stated the holding in *Orellanes* was not dictum and the court was bound by that decision. *Id.* at 255.

Defendant urges this Court to disregard the binding precedent to which the Eleventh Circuit itself determined it was bound based upon dictum in the more recent case of *United States v. Chubbuck,* 252 F.3d 1300 (11th Cir. 2001). In *Chubbuck,* the court held it was not plain error for the district court to accept a plea of guilty from a defendant charged as a convicted felon under the federal firearms statutes who had adjudication withheld. *Id.* at 1305-06. In so doing, the court suggested that its prior binding precedent on this issue may have been erroneous or the law may have since changed. *Id.* Regardless, the court recognized that it could not overrule that precedent. *Id.* at 1303, 1305. If a panel of the Eleventh Circuit is bound by its prior precedent, then it goes without saying that so is this Court. Moreover, as the Eleventh Circuit has recently reiterated:

3

> [W]e categorically reject any exception to the prior
> precedent rule based upon a perceived defect in the
> the prior panel's reasoning or analysis as it relates
> to the law in existence at the time.

*AtlanticSounding Co., Inc v. Townsend,* ____ F.3d ____, 2007 WL 2385928 *2 (11th Cir. August 23, 2007), *citing Smith v. GTE Corp.,* 236 F.3d 1292, 1303 (11th Cir. 2001). Unless and until the United States Supreme Court or the Eleventh Circuit holds otherwise, a defendant who has pled guilty or has been found guilty of a felony offense in a Florida state court and has had adjudication withheld is a convicted felon for purposes of the federal firearms statutes.

Lastly, the Court rejects Defendant argument that because his state plea of guilty may be vacated due to procedural deficiencies he is not a convicted felon. In *Lewis v. United States,* 445 U.S. 55 (1980), the United States Supreme Court held that the statutory language of the federal firearms statutes "imposes a firearm disability until the conviction is vacated." *Id.* at 60-61. The Court further noted that "[n]o exception, however, is made for a person whose outstanding felony conviction ultimately might turn out to be invalid for any reason." *Id.* at 62. The Court went on to state that "[t]here is no indication of any intent to require the Government to prove the validity of the predicate conviction." *Id.* at 63. Lastly, the Court explained that a defendant charged with being a felon in possession of a firearm "could have challenged his prior conviction in an appropriate proceeding in the Florida state courts" before obtaining the firearm, and that "Congress clearly intended that the defendant clear his status *before* obtaining a firearm." *Id.* at

64. (emphasis in the original)

In view of all of the foregoing, Defendant's Motion to Dismiss Indictment (DE 10) is

**DENIED.**

Done and ordered in Chambers in West Palm Beach, Palm Beach County, Florida, this 4th day of October, 2007.

                                        KENNETH A. MARRA
                              UNITED STATES DISTRICT JUDGE